Rutland,
January,
1834.

## William Potter vs. Jeremy Bartlett.

Previous to the statute of 1832, in an action on note payable to A B or bearer, brought by the holder, the defendant could not in defence prove that he had paid the note to the original payee, unless he has impeached the title of the holder by imputing to him force or fraud, or shows that he took the note after it became due.

This was an action on the following promissory note, to wit:

"Danby, April 5, 1830.

For value received, I promise to pay Israel B. Richardson, or bearer, thirty-three dollars, one year from date.

JEREMY BARTLETT."

On trial, at the September term of this court, the execution of the note was admitted by the defendant, and read to the jury. The plaintiff there rested his cause. The defendant then offered to prove, by witnesses, that early in the month of May, A. D. 1830, the said Israel B. Richardson, then holding said note, agreed with the defendant that if he would purchase and procure three certain promissory notes, theretofore executed by the said Israel to sundry other persons, named all payable to bearer, and deliver the same to the said Israel, he would apply the same on the note now in suit, or so much of the three notes as would balance the same; and that the said Jeremy did thereafter, in the month of May, 1830, purchase said three notes, and offered the same to the said Israel, to be applied in discharge of the said note of the said Jeremy; but that the said Israel refused to receive and apply them as agreed, though he then held the note in suit in his possession. The plaintiff objected to the admission of this evidence, but the court admitted it. The jury returned a verdict for the defendant. The plaintiff took his exception, which being allowed, was certified, and the cause now comes here for further adjudication.

*Harmon for plaintiff.*—1. The plaintiff claiming as the holder or "bearer" of the note in question, can, of right, maintain his action thereon, in his own name, at common law, independent of any statute.—*Matthews* vs. *Hall*, 1 Vt. Rep. 316. Consequently he derives no aid from the statute concerning the negotiation of notes ; and the case is not subject to the proviso contained in that statute.—*Parker* vs. *Kendall*, 3 Vt. Rep. 540.

RUTLAND,
January,
1834.

Potter
vs.
Bartlett.

2. Hence, no payment or other matter of discharge, nor any sett-off, which was not made, or did not accrue *after* the note fell due, can avail the defendant, unless such payment were made to the plaintiff, or such sett-off were pleadable directly against him.—Vide the above case of *Parker* vs. *Kendall*, Kyd. on Bills, &c. 205, 245, 276, 284.

*Royce for defendant.*—The only question presented by this case is, whether the holder of a note before a transfer can make a contract to receive payment ; and if executed, whether such contract is binding.

It has been the policy of the courts in England to protect negotiable paper and render it as near money in value and security as possible ; but we are not a commercial community, and no interests are here regarded as paramount to a faithful and impartial administration of justice ; and there can be no doubt but what a decision such as is claimed in the present case is repugnant to justice and the settled law as applicable to a defence which consists of a payment of itself, and a full discharge of the moral and legal obligation imposed by contracting a debt.

The opinion of the court was delivered by

WILLIAMS, Ch. J.—The plaintiff declares on this note as the bearer. The defence proved was in substance a payment made to the original payee of the note before it became due. In the case of *Matthews* vs. *Hall*, 1 Vt. Rep. 316, it was decided that by the principles of common law, independent of the statute, a person who was the holder of a note payable to bearer might maintain an action thereon. The action must of course be governed by the principles of the common law as applicable thereto. That case was decided upon argument, and whatever doubts may have been entertained as to the law upon that subject previously, the question must now be considered as settled. In the case of *Parker* vs. *Kendall*, 3 Vt.

RUTLAND,
January,
1834.

Potter
vs.
Bartlett.

Rep. 540, it was decided that in an action brought by the bearer, the maker could not avail himself, by a plea in offsett, of a sum due to him from the original payee, and this would follow as a necessary inference from the first decision. If any inconveniencies were likely to result from this decision, the statute which was passed in 1832 has put an end to them. In an action brought by the endorsee or bearer of a note payable to order or bearer, upon the principles of the common law the maker of such a note was not permitted to show in defence any payments made before the note became due and not endorsed thereon. The person who makes and delivers such a note intends that it shall pass to any one, who may be disposed to purchase, and promises to pay the contents to any one who shall be the holder or bearer. If he could avail himself of payments made and not endorsed, it would enable a payer or holder to practice a fraud by selling or negotiating a note apparently due, but liable to be defeated by the act of the parties not appearing upon the face of the instrument. This we believe cannot be done. The bearer may maintain an action on such note without showing that he paid any consideration therefor, unless the maker can in some way impute force or fraud to him, and is not subject to any offset or equitable considerations between the original parties thereto. If the defendant can show that the note was put in circulation by fraud or force, and throw suspicion upon the title of the holder, or show that he took it after it became due, he may compel the holder to prove that he paid a consideration therefor, or took it in the regular course of business. But in the present case there was nothing to impeach the title of the plaintiff; and the evidence to prove the defence was improperly admitted. The judgment of the county court must therefore be reversed.